IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

WARREN PASCHAL, JR.,   :
   **Plaintiff,**    :
          :  **Case No. 4:26-cv-538-CDL-AGH**
v.         :
          :
MUSCOGEE COUNTY JAIL,  :
   **Defendant.**    :
_____ :

## ORDER OF DISMISSAL

Plaintiff Warren Paschal, Jr., an inmate presently incarcerated in the Muscogee County Jail in Columbus, Georgia, has filed a *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1).  Plaintiff has not paid the filing fee, and the Court therefore assumes Plaintiff seeks leave to proceed *in forma pauperis* in this case.  As discussed below, however, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis* and his Complaint shall be **DISMISSED without prejudice.**

## ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis:*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This is known as the "three strikes provision."  Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim.  *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike").  Once a prisoner incurs three strikes, his ability to proceed IFP in federal court is greatly limited: leave to proceed IFP may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database confirms that Plaintiff has filed numerous federal lawsuits (not including habeas petitions) and that at least three of his complaints or appeals that were filed *pro se* while he was incarcerated have been dismissed as frivolous, malicious, or for failure to state a claim.  *See, e.g.,* Order Dismissing Appeal, *Paschal v. Petty*, No. 22-13299 (11th Cir. May 19, 2023) (three-judge panel dismissing as frivolous); Order Dismissing Appeal, *Paschal v. Walkman*, No. 22-12112 (11th Cir. Dec. 12, 2022) (three-judge panel dismissing as frivolous); Order Dismissing Compl., *Paschal v. Petty*, Case No. 4:22-cv-00019-CDL-MSH (M.D. Ga. Sep. 19, 2022) (adopting recommendation to dismiss as malicious for abuse of judicial process due to failure to truthfully disclose litigation history);[1] Order Dismissing Compl., *Paschal v. Walkman*, ECF No. 10 in Case

---

[1] The Eleven Circuit has upheld as "strike-worthy" dismissals where a prisoner has lied under penalty of perjury about the existence of a prior lawsuit.  *Rivera v. Allin*, 144 F.3d

2

No. 4:21-cv-213-CDL-MSH (M.D. Ga. June 7, 2022) (adopting recommendation to dismiss for failure to state a claim).  This Court has also previously identified Plaintiff as a three-striker.  *See, e.g.,* Order Dismissing Compl., *Paschal v. Burden*, ECF No. 4 in Case No. 4:25-cv-31-CDL-AGH (M.D. Ga. Feb. 4, 2025) (dismissing pursuant to 28 U.S.C. § 1915(g)).  Plaintiff is accordingly barred from prosecuting this action IFP unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021) (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004)).  Complaints of past injuries are not sufficient.  *See Medberry*, 185 F.3d at 1193.  Vague and unsupported claims of possible dangers likewise do not suffice.  *See White v. State of Colo.*, 157 F.3d 1226, 1231-32 (10th Cir. 1998); *see also Daker*, 999 F.3d at 1311 (noting that "[g]eneral assertions" are insufficient to establish entitlement to imminent danger exception).  The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential

---

719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 214 (2007).  The court observed that such a dismissal for abuse of the judicial process "is precisely the type of strike that Congress envisioned when drafting section 1915(g)."  *Id.*  Although the dismissal for abuse of the judicial process was one of three alternative bases for dismissal of this case, that fact makes no difference for purposes of the § 1915(g) analysis.  *See, e.g., Talley v. Pillai*, 116 F.4th 200, 210 (3d Cir. 2024) (holding that "when a court dismisses a claim using two equally sufficient rationales, one of which is strike-qualifying, that claim has been dismissed on a strike-qualifying ground and its dismissal counts toward a strike").

consequence is 'serious physical injury.'" *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Plaintiff "is sueing [sic] the Muscogee County Jail for the sum of 100 million dollars" because "the jail let a crack head talk to [his] daughter" when she came to visit Plaintiff. ECF No. 1 at 2. In no way does the Complaint suggest that Plaintiff was in "imminent danger of serious physical injury" when he filed it. Plaintiff should not be permitted to proceed IFP pursuant to § 1915(g), and his Complaint should be dismissed without prejudice to his right to refile with pre-payment of the full $405.00 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

## CONCLUSION

For the foregoing reasons, Plaintiff is **DENIED** leave to proceed *in forma pauperis*, and this case is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the full filing fee.

**SO ORDERED,** this 18th day of June, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

4